Ivers
vs.
Chandler.

IVERS, *ex dem.*

IVERS

*vs.*

T. CHANDLER.

This was an ejectment for lands in Chester. On trial, Ivers, the lessor, derived a title by deed, from T. Chandler, sen., dated March 13th, 1767. T. Chandler, jun., produced a deed of the same land, from T. C., sen., dated July 30th, 1766. There was endorsed a proof, by one of the witnesses, before a Judge Lord, who had long been in a state of insanity, and now is dead.

Plaintiff's title.

Defendant's title.

It was strongly insisted that the deed was a forgery, and there were many suspicious circumstances.

Fraud in concealing a tile.

It farther appeared in evidence that T. C., the defendant, was present at the time of Iver's purchase, and that he was a witness to his deed, and received part of the pay to his own use.

The Court directed the Jury, that if they found the defendant's T. C's. deed was originally made *bona fide*, yet if they found that the defendant, T. C., was knowing to Ivers' purchase, a witness to his deed, received part of the purchase money, and fraudulently concealed his own claim, they ought not to allow so gross a fraud to prevail against a *bona fide* purchaser. It ought, by a retrospect, to be considered as originally fraudulent, and designed for an imposition.

Berryford
vs.
Millward.
2 Atk. 49.

The Jury accordingly found for the plaintiff to recover.